UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA E. RIDDLE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 17-10905
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

---

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [17], GRANTING IN PART RIDDLE'S MOTION FOR SUMMARY JUDGMENT [13], AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [15]**

---

Rita Riddle applied for Disability Insurance Benefits based upon numerous ailments, including fibromyalgia, hypothyroidism, and obesity. In 2011, her claim was denied. In 2013, Riddle again applied for benefits. In November 2015, an administrative law judge (ALJ), acting on behalf of the Commissioner of Social Security, concluded that, while Riddle's physical condition had worsened since her prior denial, it had not deteriorated to a degree that rendered her disabled within the meaning of the Social Security Act. Riddle appealed to this Court. The Court referred the case to Magistrate Judge Patricia Morris who issued a Report and Recommendation to grant the Commissioner's motion for summary judgment and to deny Riddle's. Riddle makes two objections.

While the Court appreciates the Magistrate Judge's thorough consideration of the issues presented in the motions, for the reasons explained below, the Court respectfully disagrees with one aspect of her analysis and recommended disposition. Thus, the Court will adopt in part and

reject in part the Magistrate Judge's Report and Recommendation and remand this action for further administrative proceedings.

**I.**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10 -13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.") (citations and quotations omitted).

## II.

### A.

The Report explicitly told the parties that each objection "must recite precisely the provision of this Report and Recommendation to which it pertain." (R. 17, PID 748.) Unfortunately, Riddle's first objection neither recites the precise provision of the Report to which she objects nor does she clearly state her objection. Thus, the Court will review what it gleans to be Riddle's first objection.

First, Riddle argues that her pain specialist's records demonstrate complete disability. Next, Riddle asserts that the Magistrate Judge provided improper *post-hoc* evidence and rationale to support the ALJ's residual functional capacity (RFC) assessment. Riddle then adds three cursory objections: that the ALJ erred by not discussing her obesity apart from its "cumulative impact" "in combination with her other medical conditions"; that the ALJ did not make clear what weight she was assigning to Riddle's testimony or to her pain specialist; and that the ALJ erred in finding that methadone was not prescribed before the date last insured. (*See* R. 18, PID 749–55.)

The Commissioner asserts that the three "cursory objections" are newly-raised and therefore waived. (R. 20, PID 763.)

The Court agrees that two of the issues and part of the third issue are newly-raised and therefore waived. First, Riddle's motion for summary judgment did not challenge the ALJ's consideration of her obesity. (*See* R. 13.) The motion did not claim that the ALJ erred in determining when Riddle began taking methadone. (*See id.*) And the motion did not raise the ALJ's failure to assign a weight to the pain specialist's records. (*Id.*) So these issues are deemed waived. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F.3d 216 (table) (6th Cir. 2000)).

Riddle's motion for summary judgment did, however, contest the credibility assessment of her testimony and the ALJ's failure to articulate what weight she gave Riddle's testimony. (R. 13, PID 688.) So the Court will review the objection with respect to Riddle's testimony. Riddle, aside from summarizing her argument to the Magistrate Judge, does not explain why the Magistrate Judge erred. Regardless, reviewing this issue *de novo* the Court finds no error.

Riddle cites *Winhoven v. Comm'r of Soc. Sec.*, No. 12-12426, 2013 WL 4483463 (E.D. Mich. Aug. 19, 2013) and *Franzel v. Comm'r of Soc. Sec.*, No. 12-14293, 2014 WL 106522 (E.D. Mich. Jan. 10, 2014) as support for her assertion that the ALJ's assessment of her testimony was too cursory. (R. 18, PID 753–54.) Both of these cases involved ALJ opinions where the ALJ stated no more than that the testimony was not supported by the record. Here, as was required by SSR 96-7p, the ALJ's assessment made clear the reason for the weight she assigned Riddle's testimony. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). As the Magistrate Judge stated, the ALJ referenced Riddle's lack of eye contact during her testimony, cited particular parts of the records that were inconsistent with Riddle's testimony, and further found that Riddle altered her account after being informed that she would not receive benefits unless her condition has worsened since her last denial. (*See* R. 9-2.) The ALJ is not required to assign a "specific value" to testimony. *Strode v. Colvin*, No. 1200378, 2016 WL 3580832, at *8 (M.D. Tenn. June 28, 2016) (citing *Rogers*, 486 F.3d at 248 (6th Cir. 2007). This portion of the first objection is overruled.

Riddle further argues that her pain specialist produced voluminous records that would support a finding of disability. (R. 18, PID 751–52.) But Riddle does not specify how these records show that the ALJ's decision is unsupported by substantial evidence. It does not necessarily follow from the fact that there is substantial evidence in favor of disability that there is the absence of substantial evidence supporting the contrary conclusion. *See Key v. Callahan*, 109 F.3d 270, 273

4

(6th Cir. 1997) ("The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ"); *Beals v. Comm'r of Soc. Sec.*, No. 14-1221, 2015 WL 5513365, at *3 (W.D. Mich. Sept. 17, 2015) ("it is not enough to point out evidence on which the ALJ could have based a decision in plaintiff's favor"). Indeed, the Report explained in detail how the ALJ's decision was well supported by the record as a whole. (R. 17, PID 742–43.) In addition to including her subjective reports of pain and functionality, the records Riddle points to indicate that she experiences pain while walking, muscle spasms, muscle tenderness, and takes a variety of medications for her pain. (R. 9-8, PID 533–659.) This is not inconsistent with or unsupportive of the RFC of sedentary work with no prolonged standing or walking. Indeed, as the ALJ found, "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." (R. 9-2, PID 47.) The Court cannot find that the ALJ's decision was unsupported by substantial evidence.

Riddle next asserts that the Magistrate Judge improperly provided both factual and legal support for the ALJ's disability determination that the ALJ herself did not provide. (R. 18, PID 752–53.) But citing record evidence that the ALJ did not cite is not improper: a court can consider "any evidence in the record, regardless of whether it has been cited by the ALJ." *See Bazzi v. Colvin*, No. 14–11205, 2015 WL 1245894, at *28 (E.D. Mich. Mar. 18, 2015); *Vermeesch v. Comm'r of Soc. Sec.*, No. 14-10619, 2015 WL 1530490, at *3 (E.D. Mich. Mar. 31, 2015). "The gravamen of the analysis is whether the Defendant or court develops new arguments, not whether they cite evidence to support the ALJ's arguments." *Bazzi*, 2015 WL 1245894, at *28.

As for *post-hoc* rationale, Riddle asserts that the Magistrate Judge erred in finding that the ALJ applied Social Security Ruling (SSR) 12-2p. (R. 18, PID 753.) SSR 12-2p describes how an ALJ should "evaluate [fibromyalgia] in disability claims." 2012 WL 3104869, at *1 (July 25, 2012). When it comes to determining a claimant's RFC, the Ruling states that the ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id*. at *6. The ruling also requires an ALJ to consider a claimant's pain or other fibromyalgia symptoms in determining nonexertional or mental limitations as well as postural or environmental limitations. *Id*. SSRs are binding on the Social Security Administration. 20 C.F.R. § 402.35(b)(1).

The Magistrate Judge concluded that the ALJ "plainly addressed Riddle's alleged symptoms from fibromyalgia in compliance with SSR 12-2p." (R. 17, PID 742.) She pointed out that the ALJ found the following as support for that conclusion: that medication frequently eased Riddle's pain; that Dr. Kerchin's report revealed that Riddle had normal strength, sensation, reflexes, coordination and range of motion; that objective findings failed to corroborate Riddle's allegations of severe pain; that Riddle appeared to occasionally report the ability to perform housework and sleep; and that Riddle rarely evidenced difficulty walking and appeared at ease and not in acute distress, as reflected in Dr. Kerchin's report. (R. 17, PID 742–43.)

The Court respectfully disagrees with the Magistrate Judge's ruling on this issue.

While the ALJ did consider the general factors required in determining an RFC, this does not mean that the ALJ applied SSR 12-2p. The ALJ does not reference or cite SSR 12-2p. The Ruling requires the ALJ give special consideration to unique features of fibromyalgia which the ALJ never appeared to consider. For example, the ALJ never appeared to take into consideration that "the symptoms of [fibromyalgia] can wax and wane." 2012 WL 3104869, at *6. Instead, the

ALJ found that Riddle overstated her limitations of performing daily activities because the ALJ found records that indicated that she could do housework with help and that she denied sleeping difficulties. (R. 9-2, PID 46.) Aside from the fact that these very same records also state that she was unable to perform "daily activities" and was only getting four-to-six interrupted hours of sleep a night, (R. 9-8, PID 598, 549, 629), had the ALJ applied SSR 12-2p, the "waxing and waning" of fibromyalgia should have been an explicit consideration in exploring any disparity between particular points in the record and Riddle's account. This is equally true of the ALJ's reliance on Dr. Kerchin's report which reflected observations from a single consultative examination. Further, the ALJ never appeared to consider SSR 12-2p's specific mention of fatigue and how it may affect exertional limitations despite Riddle's testimony that she would take an hour to an hour-and–a-half nap both in the morning and after lunch. *Id.*; (R. 9-2, PID 63.)

In sum, the ALJ's failure to adequately apply SSR 12-2p adversely affected the assessment of Riddle's RFC. The Court therefore cannot conclude that the ALJ's failure to apply SSR 12-2p constitutes harmless error. *Compare Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 399–400 (6th Cir. 2016), *with Hampton v. Comm'r of Soc. Sec.*, No. 16-12135, 2017 WL 4236541, at *5–7 (E.D. Mich. Sept. 25, 2017).

The Court therefore sustains Riddle's objection regarding the ALJ's failure to apply SSR 12-2p and overrules the remaining parts of the objection.

**B.**

Riddle's second objection is to the Magistrate Judge's finding that the ALJ properly assigned greater weight to Dr. Kerchin's report than to the records of her pain specialist. In particular, Riddle says that the ALJ erred in reasoning that Dr. Kerchin's report was entitled to

more weight simply because her "pain specialist's treatment record failed to cite the level of detail outlined by Dr. Kerchin." (R. 18, PID 755.)

The Court will overrule this objection. Riddle simply re-states the argument she presented to the Magistrate Judge, namely that her pain specialist's records span more pages than Dr. Kerchin's report and so the records provide a more detailed picture of her condition. (R. 18, PID 755–56.) But she fails to explain how volume means greater detail about her residual functional capacity. Indeed, the ALJ's assessment seems reasonable given that much of the volume of Riddle's pain specialist's records is attributable to routine metrics (like blood pressure, her self-reported symptoms, and her medication doses) whereas Dr. Kerchin's report recites his observations of Riddle's symptoms as well as Riddle's ability to perform specific relevant functions. (R. 9-7, PID 406–11; 533–623.)

Further, Riddle provides no response to the Magistrate Judge's finding that the Court "is not permitted to reweigh the evidence." (R. 17, PID 743 (citing *Webb v. Comm'r of Soc. Sec.*, No. 16-10015, 2017 WL 1164708, at *8 (E.D. Mich. Mar. 29, 2017) (finding that the ALJ has sole province to weigh the evidence and thus it is not the court's task to do so)).) As the Court believes this issue was adequately addressed by the Magistrate Judge, and because Riddle fails to identify how the Magistrate Judge erred in assessing this issue, the Court overrules this objection. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (finding that an objection "that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

### III.

For the reasons stated, having reviewed the Report and Recommendation (R. 17) and Riddle's two objections (R. 18), the Court ADOPTS IN PART and REJECTS IN PART the

Report. It follows that the Court GRANTS IN PART Riddle's motion for summary judgment (R. 13) and DENIES the Commissioner's motion for summary judgment (R. 15). The case is REMANDED to the Commissioner for further proceedings to have the ALJ apply SSR 12-2p in the evaluation of Riddle's RFC.

SO ORDERED.

Dated: February 12, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2018.

s/Keisha Jackson
Case Manager