UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA E. RIDDLE,                                 CASE NO. 17-cv-10905

      *Plaintiff*,                              DISTRICT JUDGE LAURIE J. MICHELSON
v.                                              MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL SECURITY,

      *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
**(Doc. 23)**

### I.    RECOMMENDATION

For the reasons explained below, **IT IS RECOMMENDED** that Plaintiff Rita E. Riddle's Motion and Brief Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act, (Doc. 23), be **DENIED**. If the Court declines to adopt that recommendation, **IT IS RECOMMENDED** in the alternative that Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff awarded $5,728.75 for 45.83 hours of work at a rate of $125 per hour.

### II.    REPORT

#### A.    Introduction and Background

Plaintiff's motion for attorney fees, (Doc. 23), under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, is before the Court on order of reference for a hearing and determination, pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. 25).

1

Plaintiff applied for benefits under the Disability Insurance Benefits program of Title II, 42 U.S.C. § 401 *et seq.*, on December 31, 2013, alleging an onset date of January 1, 2009. (PageID.200-201). Plaintiff's application was denied at the initial level, (PageID.124-135), then by the administrative law judge (ALJ), (PageID.37-54), and finally by the Appeals Council, (PageID.31-35).

Plaintiff filed for judicial review of her claims on March 22, 2017, represented by Kenneth F. Laritz. (Doc. 1). The parties filed cross motions for summary judgment. (Docs. 13, 15). On October 5, 2017, I issued a report and recommendation that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the case. (Doc. 17). Plaintiff filed several objections, (Doc. 18), to which the Commissioner responded, (Doc. 20). On February 12, 2018, the Court issued an opinion and order adopting in part and rejecting in part the report and recommendation, and remanding the case to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) based on the ALJ's failure to adequately apply SSR 12-2p. (Doc. 21-22). Specifically, the Court explained that SSR 12-2p "requires the ALJ to give special consideration to unique features of fibromyalgia which the ALJ never appeared to consider"; for example, that "'the symptoms of [fibromyalgia] can wax and wane,'" (Doc. 21 at PageID.774) (quoting SSR 12-2p, 2012 WL 3104869, at *6 (July 25, 2012)), and "SSR 12-2p's specific mention of fatigue and how it may affect exertional limitations," (Doc. 21 at PageID.775). The Court thus found that "the ALJ's failure to adequately apply SSR 12-2p adversely affected the assessment of Riddle's RFC." (*Id.*).

On May 10, 2018, Plaintiff filed the instant motion for attorney fees pursuant to the EAJA. (Doc. 23). The Commissioner filed a response on May 24, 2018, (Doc. 24); Plaintiff filed a reply on June 4, 2018, (Doc. 26). Plaintiff's motion has been referred to the undersigned Magistrate Judge, (Doc. 25), and is ready for determination.

## B. Analysis

Attorneys in Social Security benefits cases may collect fees through two statutes: the EAJA and 42 U.S.C. § 406. Fees collected under the EAJA are paid by the Commissioner out of its own coffers, whereas fees collected under § 406 are paid out of the claimant's past due benefits. *See Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015). Here, Plaintiff seeks fees under the EAJA. (Doc. 23).

### 1. Standard for Obtaining EAJA Fees

Where a court renders a judgment favorable to a Social Security claimant who was represented by counsel, the court may allocate to that counsel a "reasonable" fee for such representation. 28 U.S.C. § 2412(b). An application for attorney fees under the EAJA, including an itemized justification for the amount requested, must be filed within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). In addition, the claimant must be an eligible party, *i.e.* one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Three additional conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which

would warrant a denial of fees. *See Ratliff v. Commissioner of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012); *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). The second requirement operates to "discourage the government from taking unjustified positions." *Jones v. Schweiker*, 565 F. Supp. 52, 55 (W.D. Mich. 1983). A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," or has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position should be considered as a whole, including both the underlying agency action and the current litigation. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994)).

### 2.  Whether EAJA Fees Are Justified

Plaintiff requests $8,250.00 for 45.83 hours of work. (Doc. 23 at PageID.786). At the outset, I note that Plaintiff obtained a Sentence Four remand, making her a prevailing party in this matter, *see Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012); (Docs. 21-22). Her motion was timely filed, and properly contains an itemized justification for the amount requested. (Doc. 23 at PageID.782-786). The Commissioner does not dispute—and so concedes—that Plaintiff's net worth does not exceed two million dollars; nor does the Commissioner contend that any "special circumstances" warrant denying fees in this case. Instead, the Commissioner argues denial of the motion in its entirety would be appropriate because the Commissioner's position was substantially justified; alternatively, the Commissioner argues for denial in part because Plaintiff "requests fees for an excessive number of hours." (Doc. 24 at PageID.790).

4

As the Commissioner points out, a court can find that the government's position was substantially justified even where "the Secretary's position was not supported by substantial evidence." *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). *See also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) (holding that a finding that the decision of the Secretary was not supported by substantial evidence "alone is not a proper basis for the allowance of fees and expenses under the EAJA"). Here, the Commissioner argues that despite the Court's order to remand, its position was substantially justified for two independent reasons: (1) Plaintiff prevailed on only one objection, "which was less prominent than her other objections and arguments"; and (2) the Commissioner's position had a reasonable basis in law and fact. (Doc. 24 at PageID.791).

### a. The Prominence of Plaintiff's Prevailing Argument

I first contend with the Commissioner's argument that its position was substantially justified because Plaintiff prevailed on only one argument, and one "less prominent than her other objections and arguments." (Doc. 24 at PageID.791). Of course, the substantially justified standard does not turn on a simple mathematical formula comparing "the number of successful claims to the number of unsuccessful claims in a single appeal." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014). But the Sixth Circuit has held that "the [g]overnment's position 'as a whole must be examined when determining the 'substantial justification' question, and an EAJA application fails if the multiple claims involved in the case are 'distinct' and if the more 'prominent' claims were substantially

5

justified." *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (quoting *E.E.O.C. v. Memphis Health Ctr.*, 526 F. App'x 607, 615 (6th Cir. 2013)).

Here, the argument section of Plaintiff's brief accompanying her motion for summary judgment spanned eleven pages, (Doc. 13 at PageID.680-690), about five pages of which focused on the ALJ's failure to apply SSR 12-2p. (Doc. 13 at PageID.681-685). Of those five pages, roughly four were specifically about whether the ALJ considered the proper criteria for the *diagnosis* of fibromyalgia as outlined in SSR 12-2p: (1) "[a] history of widespread pain in all quadrants of the body and axial skeletal pain;" (2) "[a]t least 11 positive tender points on physical examination[,] . . . . found bilaterally and both above and below the waist"; and (3) "[e]vidence that other disorders that could cause the symptoms or signs are excluded." SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012). Outside of the five pages addressing SSR 12-2p, the remainder of Plaintiff's brief was devoted to her arguments that the ALJ relied too heavily on Plaintiff's activities of daily living, (Doc. 13 at PageID.684-688), that the ALJ erred in his analysis of Plaintiff's credibility, (*id.* at PageID.688-689), and that the ALJ assigned excessive weight to the opinion of a consultative examiner, (*id.* at PageID.689). In short, Plaintiff did not prominently push the specific argument on which the Court remanded her case: that the ALJ did not appear to specially consider the unique features of fibromyalgia as required by SSR 12-2p in determining her residual functional capacity (RFC), such as a waxing and waning of symptoms, and fatigue. (Doc. 21 at PageID.774-775). Instead, the section of her brief dedicated to SSR 12-2p focused heavily on the criteria for the *diagnosis* of fibromyalgia. *See Amezola-Garcia*, 835 F.3d at 555 (rejecting the claimant's application for attorney fees

where the prevailing argument made up "only seven out of the twenty-five pages of argument in [the claimant's] brief, and it was the last argument made").

Plaintiff's brief in reply to the Commissioner's motion for summary judgment, meanwhile, consisted almost entirely of a discussion of how the Court should analyze a physician's note that she was "not disabled." (Doc. 16 at PageId.715-717). Only a few sentences spoke to SSR 12-2p—and along with further criticism for failing to discuss tender points as a primary diagnostic criteria for the evaluation of fibromyalgia, they included an acknowledgement that the ALJ's decision "mentioned flares of pain and fatigue." (*Id.* at PageID.717) (citation omitted).

Finally, Plaintiff raised no fewer than six distinct objections to the October 5, 2017, report and recommendation: (1) that her pain specialist's records demonstrate complete disability; (2) that I provided improper *post-hoc* evidence and rationale to support the ALJ's residual functional capacity (RFC) assessment; (3) that the ALJ erred by not discussing her obesity apart from its "cumulative impact" "in combination with her other medical conditions"; (4) that the ALJ did not make clear what weight she was assigning to Plaintiff's testimony or to her pain specialist; (5) that the ALJ erred in finding that methadone was not prescribed before the date last insured; and (6) that the ALJ erred in assigning greater weight to a consultative examiner than her pain specialist. (Doc. 18). The Court rejected all of Plaintiff's objections except her second: her allegation that I provided improper post-hoc evidence and rationale to support the ALJ's RFC assessment. (Doc. 21). Further, the Court rejected the portion of Plaintiff's objection arguing that I had improperly

7

provided post-hoc evidence, and sustained only the objection that the ALJ had failed to adequately apply SSR 12-2p. (*Id.* at PageID.773-775).

As Plaintiff did not prominently argue the position on which her case was remanded, I suggest that the government's position as a whole was substantially justified, and it would be appropriate for the Court to deny Plaintiff's motion for attorney fees under the EAJA.

### b. The Basis of the Commissioner's Argument in Law and Fact

Moreover, I suggest the Commissioner sets forth a second reason sufficient to justify denial of Plaintiff's motion: The Commissioner's opposition to remand had a reasonable basis in both law and fact.

In Plaintiff's motion for summary judgment, she argued both that ALJ erred in not citing SSR 12-2p and that the ALJ did not adequately discuss the criteria for diagnosing fibromyalgia as outlined in SSR 12-2p. (Doc. 13 at PageID.680-685). As the Commissioner correctly pointed out in briefing, the Sixth Circuit previously rejected a "nearly identical" argument. (Doc. 15 at PageID.704) (citing *Luukonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 399 (6th Cir. 2016)). In *Luukonen*, the Court held that the ALJ did not err by failing to explicitly cite SSR 12-2p where the ALJ "nevertheless applied the Ruling's principles." *Luukonen*, 653 F. App'x at 399-400. The Court further held that any failure to explicitly apply SSR 12-2p's diagnostic criteria would be harmless error, since the ALJ had already concluded that the claimant had fibromyalgia and that fibromyalgia was a severe impairment. *Id.* at 399.

Here, too, although the ALJ did not cite to SSR 12-2p, he found fibromyalgia to be one of Plaintiff's severe impairments. (PageID.42). SSR 12-2p recognizes that

8

fibromyalgia symptoms can "wax and wane," and the ALJ had asked Plaintiff at the administrative hearing whether her fibromyalgia had "flares" or was at "the same intensity all the time," (PageID.73-74), suggesting he had considered waxing and waning. The ALJ also considered Plaintiff's testimony about her "significant fatigue" and pain. (PageID.45-46). Thus, I suggest the Commissioner had a reasonable basis in fact for arguing that the ALJ had applied SSR 12-2p.

Although the Court ultimately disagreed with the Commissioner, finding that the ALJ had failed to adequately apply SSR 12-2p, that does not preclude the finding that the Commissioner had a reasonable basis for remand on that ground. For the above reasons, I suggest that the Commissioner had a reasonable basis in law and fact to contest Plaintiff's arguments, and thus had substantial justification. I therefore suggest it would be appropriate for the Court to deny Plaintiff's motion for attorney fees under the EAJA.

### 3. In the Alternative, the Amount and Rate of EAJA Fees to be Paid

If the Court declines to adopt the above recommendation that it deny Plaintiff's motion, I suggest that the Court grant Plaintiff's motion in part and deny Plaintiff's motion in part, for the following reasons.

Here, Plaintiff's attorney seeks $8,250.00 for 45.83 hours of work, from which it follows that the requested rate is roughly $180.02 per hour. (Doc. 23 at PageID.786). EAJA fees must be "reasonable." 28 U.S.C. § 2412(b). The EAJA caps attorney fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Whether an award above the statutory maximum is appropriate is left to the "sound discretion of the district court." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). The burden of proving that the EAJA cap should be increased, however, lies with Plaintiff. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.").

As noted above, the EAJA makes specific reference to "increase[s] in the cost of living," and attorneys regularly cite to the Consumer Price Index (CPI), which tracks increases in consumer costs, to justify rates higher than that provided for in the EAJA. The Sixth Circuit explicitly addressed the interrelation of EAJA fees and the CPI in *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The Court there held that a district court did not err by declining to grant an increase in the EAJA hourly rate where the attorney seeking fees "submitted only the Department of Labor's CPI, arguing that the rate of inflation supported an increase in fees." *Id*. The Court indicated this was "not enough" evidence. *Id.*; *cf. Ward v. Comm'r of Soc. Sec.*, 2008 WL 5099713 at *2 (S.D. Ohio Dec. 1, 2008) (relying solely upon the CPI); *Fauss-Miller v. Comm'r of Soc. Sec.*, No. 06-12079, 2008 WL 2415432, at *3 (E.D. Mich. June 12, 2008) (same).

Here, Plaintiff has not submitted even that. Plaintiff makes no reference to the CPI at all, and the affidavit of Plaintiff's attorney does not explain why any increase beyond the statutory cap is justified, let alone how he arrived at the particular figure of $187.02 per

10

hour. (Doc. 23 at PageId.788). Rather, he simply attests that the information in his brief "is true to the best of his knowledge, that there was 45.83 hours of time expended on this matter," "that he does not represent the Plaintiff in any other matter which may produce a contingent fee," and that he "did not represent Plaintiff at the administrative level." (*Id.*).

The only support Plaintiff offers for the requested increase takes the form of bare citations to four cases from the Eastern District of Michigan—dating from four to seven years ago—in which the Court granted an increased hourly rate. But I suggest it is not enough for Plaintiff to simply point to other cases where rates higher than the statutory cap were approved, especially when the plaintiffs in those cases submitted far more extensive evidence.

For example, Plaintiff cites a case in which the Court approved a rate increase under the EAJA based on two affidavits from people "familiar with the landscape of the Social Security bar in Michigan" outlining a significant shortage of attorneys in Michigan willing to litigate Social Security appeals in federal court. *Darling v. Commissioner*, Civil Action No. 10-CV-15082, 2012 WL 4759203, at *2-3 (E.D. Mich. Oct. 5, 2012). Unfortunately, Plaintiff has not seen fit to submit such affidavits here, or to explain why the Court should assume that the same shortage of attorneys persists some five-and-a-half years later.

Similarly, in the other three cases Plaintiff cites, the plaintiffs presented persuasive evidence as to why the Court should award an increased hourly rate. In *Poholski*, the Court found an increased rate of $181.63 reasonable where Plaintiff presented "affirmation of her counsel" describing decades of experience representing claimants and plaintiffs in Social Security cases; evidence of how he arrived at the requested hourly rate using the CPI; data

11

from the state bar's annual Economics of Law Practice Survey; an affidavit from attorney who practiced Social Security law locally; and evidence that her attorney had been compensated in the same court under the EAJA at rates above $125 per hour. *Poholski v. Comm'r*, No. 1:12–CV–1414, 2014 WL 1775688, at *2 (E.D. Mich. May 5, 2014). In *Cowart*, the Court found an increased rate of $173.00 per hour reasonable based on increases in the CPI and inflation. *Cowart v. Comm'r*, 795 F.Supp.2d 667, 671 (E.D. Mich. 2011). In *Pizzo*, the Court found an increased rate of $187.02 reasonable where Plaintiff presented three state bar surveys on attorney hourly rates and affidavits from five experienced practitioners, among other evidence. *Pizzo v. Comm'r*, No. 13–CV–11344, 2014 WL 7157129, at *3 (E.D. Mich. Dec. 15, 2014). *Compare with Herbster v. Comm'r of Soc. Sec.*, 2014 WL 6389540 (E.D. Mich. Nov. 14, 2014) (rejecting request for increased hourly rate under EAJA where plaintiff submitted only his own attorney's affidavit and CPI information, and magistrate judge distinguished cited cases where courts awarded comparable rates).

Beyond the above citations, Plaintiff has presented no evidence to the Court to justify an increased hourly rate; I thus suggest that Plaintiff has failed to carry her burden, and that if the Court awards Plaintiff fees, it should do so at a rate of no more than $125 per hour.

Next, I turn to the number of hours requested. Plaintiff requests pay for 45.83 hours of work, which she breaks into an itemized list. (Doc. 23 at PageID.782-786). The Commissioner, however, contests whether Plaintiff should receive payment for the full

number of hours requested.[1] (Doc. 24 at PageID.797). Another court in this circuit observed that attorneys before it typically spent about fifteen to thirty hours on Social Security cases, as the Commissioner notes. (*Id.*) (citing *Nichols v. Comm'r of Soc. Sec.*, No. 1:09-cv-1091, 2012 WL 1189764, at \*2 (W.D. Mich. Mar. 19, 2012) (collecting cases)). The Commissioner does not take issue with any specific entry in Plaintiff's itemized list, but instead simply advances thirty hours as a "reasonable, and likely generous," number of hours for litigating this case, apparently based on the high end of the number cited in *Nichols*. (Doc. 24 PageID.798-799).

Still, *Nichols* hardly stands for the proposition that it would be *per se* unreasonable for a court to award fees for more than thirty hours worked on a Social Security appeal. Here, Plaintiff puts forward cases from this circuit and others in which courts found a similar or greater number of hours worked to be reasonable. (Doc. 26 at PageID.806-807) (citing, *e.g.*, *Neal v. Astrue*, 741 F.Supp.2d 729, 733–34 (W.D. Penn. 2010) (awarding fee for 44.5 hours worked where attorney "had to carefully review an administrative record of over 400 pages and prepare a 26 page brief describing three errors of the ALJ"); *Hamilton v. Comm'r of Soc. Sec.*, Civil Action No. 09–11553, 2011 WL 10620498, at \*3 (E.D. Mich. Aug. 15, 2011), report and recommendation adopted, *Hamilton v. Comm'r of Soc. Sec.*,

---

[1] It does not escape my attention that the Commissioner makes no argument that Plaintiff should receive a lower rate than the requested $180.02 per hour. In fact, somewhat puzzlingly, the Commissioner uses an even higher hourly rate of $187.02 to calculate the fee that Plaintiff should receive (at least, barring outright denial of Plaintiff's motion). (Doc. 24 at PageID.799). Regardless, it is Plaintiff's burden to "produce satisfactory evidence" that an increase in the cost of living or a special factor justifies an increased hourly rate. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). 28 U.S.C. § 2412(d)(2)(A). And as explained above, that Plaintiff has not done.

13

No. 09-11553, 2013 WL 1759137, at *1 (E.D. Mich. Apr. 24, 2013) (awarding 47.65 in another of counsel's Social Security appeal cases).

Plaintiff's attorney did not represent her at the administrative level, (Doc. 23 at PageID.782); he engaged in a fact-intensive review of the 627-page administrative record, (Doc. 9), especially to scaffold his argument regarding the diagnostic criteria for fibromyalgia, *see* (Doc. 13 at PageID.682-683). The brief supporting Plaintiff's motion for summary judgment spanned twenty-eight pages. (Doc. 13 at PageID.664-691). And Plaintiff's attorney has submitted detailed records accounting for the time spent on this case over the course of more than a year. (Doc. 23 at PageID.782-786). Thus, I suggest that if the Court determines attorney fees should be awarded, the number of hours Plaintiff's attorney expended in this case were reasonable and not excessive.

As a final matter, the Sixth Circuit has held that pursuant to the EAJA, attorney fees are to be awarded to the plaintiff, who is the "prevailing party," not his counsel. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 446–49 (6th Cir. 2009). And since Plaintiff has not submitted any evidence of an agreement consenting to have EAJA fees assigned to counsel, should the Court adopt this section of the report and recommendation and award attorney fees, they should be awarded to Plaintiff Rita E. Riddle.

### C. Conclusion

In conclusion, **IT IS RECOMMENDED** that Plaintiff's motion for attorney fees under the EAJA, (Doc 23), be **DENIED** because the Commissioner's position did not lack substantial justification.

In the alternative, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED IN PART, DENIED IN PART**, and Plaintiff be awarded $5,728.75 for 45.83 hours of work at a rate of $125 per hour.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled

15

as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 19, 2018                           S/ PATRICIA T. MORRIS
                                                                     Patricia T. Morris
                                                                     United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 19, 2018                           By s/Kristen Castaneda
                                                                   Case Manager