UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA E. RIDDLE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 17-10905
Honorable Laurie J. Michelson

**OPINION AND ORDER ACCEPTING REPORT AND RECOMMENDATION [ 27]
DENYING THE PLAINTIFF'S MOTION FOR ATTORNEY FEES [23]**

Rita Riddle applied for Disability Insurance Benefits based upon numerous ailments, including fibromyalgia, hypothyroidism, and obesity. Her claim was denied, and she eventually appealed to this Court. In February 2018, the Court remanded the case and directed the ALJ to apply SSR 12-2p to assess Riddle's fibromyalgia in determining Riddle's residual functional capacity (RFC). Riddle then filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court referred the motion to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation that Riddle's motion be denied. In the alternative, Magistrate Judge Morris recommended that Riddle's motion be granted in part and denied in part—awarding Riddle fees for the hours requested but at a reduced hourly rate. Riddle now objects.

For the reasons stated below, the Court overrules Riddles objections and accepts the Magistrate Judge's primary recommendation that Riddle's motion be denied.

**I.**

Motions for attorney fees referred to a magistrate judge are regarded as dispositive matters, requiring fresh review by the district court. *See* Fed.R.Civ.P. 54(d)(2)(D); *Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993) (finding that a motion for attorney fees is dispositive). So this Court will perform a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Riddle has objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to-findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No.10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

## II.

To recover attorney fees under the EAJA, the claimant must satisfy three conditions: (1) she must be a prevailing party; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denial of fees. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Ratliff v. Commissioner of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012).

"The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). "[T]he relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits." *Ratliff*, 465 F. App'x at 460. That position is "substantially justified" when justified "to a degree that could satisfy a reasonable person;" that is, if it has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 553 (1988). That a Court ultimately disagrees with the Commissioner's position does not preclude a finding that her argument had a reasonable basis in both law and fact. *See DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726–27 (6th Cir. 2014).

Riddle objects to the Magistrate Judge's conclusion that the Commissioner's position was substantially justified. The Magistrate Judge found that the Government's position "as a whole" had a reasonable basis in law and fact.

The Court agrees.

The Commissioner's position had a reasonable basis in law. The Commissioner asserted that Riddle's argument regarding the ALJ's failure to adequately discuss the diagnostic criteria in SSR 12-2p was rejected by the Sixth Circuit in *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393 (6th Cir. 2016). In *Luukkonen*, the ALJ failed to explicitly apply SSR 12-2p in his denial of benefits to a claimant with fibromyalgia. *Id*. The Sixth Circuit found the ALJ's failure to explicitly cite SSR 12-2p harmless because he had acknowledged the claimant's fibromyalgia and considered testimony regarding symptoms unique to the claimant's condition in rendering his decision—doing, in essence, what SSR 12-2p directs the ALJ to do. *Id*. at 399. Although this Court distinguished *Luukkonen* from Riddle's case in its opinion, the Government's reliance on it was reasonable as the case presented similar factual and legal issues.

The Commissioner's position also had a reasonable basis in fact. The Court's remand was narrow. The Court noted that the ALJ's narrative did not make clear whether he implicitly considered the symptoms of fibromyalgia as required by SSR 12-2p in assessing Riddle's RFC. Given the uncertainly, and potential for prejudice had those symptoms not been considered, the Court remanded on this narrow issue. But, as the Magistrate Judge notes, the record could permit an inference that the ALJ *did* consider Riddle's fibromyalgia symptoms because he asked questions at the hearing such as whether her condition caused "flares" or was at the "same intensity." (ECF No. 27, PageID.815–816.) While the Court ultimately did not agree that the ALJ incorporated these issues into his RFC assessment, the Court cannot find that the Government did

not have a reasonable basis in fact to argue that the ALJ, based upon some of the questions he asked at the hearing, did indeed consider Riddle's fibromyalgia symptoms. (ECF No. 15, PageID.704.)

Having looked at the issue anew, the Court finds that the Government reasonably relied on *Luukkonen* and the record to argue that the ALJ adequately applied SSR 12-2p in the assessment of Riddle's RFC. So the Court will accept the Magistrate Judge's finding of the same.[1]

## III.

For the reasons stated, the Court OVERRULES Riddle's objections and ACCEPTS the Magistrates Judge's Report recommending that Riddle's motion for attorney fees be denied (ECF No. 27).

IT IS SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Date: March 2, 2019

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon the attorneys of record on March 2, 2019 using the Court's ECF System.

                                                  s/William Barkholz
                                                  Case Manager to
                                                  Honorable Laurie J. Michelson

---

[1] Riddle also makes two objections to the Magistrate Judge's alternative recommendation. Because the Court accepts the Magistrate Judge's initial recommendation, it need not address Riddle's additional objections.