UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA E. RIDDLE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 17-10905
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**ORDER ADOPTING REPORT AND RECOMMENDATION [35] AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [31]**

Rita Riddle came before this Court for review of the denial of her disability benefits by the Social Security Administration. The Court granted in part Riddle's motion for summary judgment and remanded the case for further proceedings before the Administrative Law Judge. (ECF No. 21.) Riddle was successful on remand and was awarded past-due benefits from June 2014 through December 2019. (ECF No. 31, PageID.852.) Her attorney, Kenneth F. Laritz, now seeks attorney's fees pursuant to 42 U.S.C. § 406(b) for his work on the case. (ECF No. 31.) Before the Court is Magistrate Judge Patricia T. Morris' Report and Recommendation for attorney's fees to be granted in the amount of $15,000. (ECF No. 35.)

At the conclusion of her June 26, 2020, Report and Recommendation, Magistrate Judge Morris notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 35, PageID.881.) It has now been well over 14 days since the Report was served on the parties and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. *See id.* at 155.

But the Court will address one point that requires clarification. The total amount of past-due benefits Riddle received is unclear because the parties' briefs contain different figures. Attorney Laritz avers that Riddle's past-due benefits amount to approximately $133,000. (ECF No. 31, PageID.852.) But Laritz does not explain his calculations, and the attached Notice of Award from the Social Security Administration does not state a total award amount. (*See* ECF No. 31-1, PageID.866.) The Notice of Award, dated December 31, 2019, states that Riddle's first check is for $82,287.27 and "is the money you are due through December 2019." (*Id.*) This is also the figure given by the Commissioner in its response brief. (ECF No. 35, PageID.876.) As calculated by the Court, the total benefit amounts listed for June 2014 through December 2019 total $113,508. (ECF No. 31-1, PageID.866.) But the notice also states that the Commissioner "usually withhold[s] 25 percent of past due benefits" and that, in Riddle's case, it had "withheld $33,384.25 from your past due benefits in case we need to pay your representative." (ECF No.

31-1, PageID.868.) If $33,384.25 represents 25 percent of Riddle's past-due benefits, the total amount owed would be $133,537 (which is likely where Laritz gets his $133,000 figure).

Although Riddle's total amount of past-due benefits is unclear, the Court finds the motion for attorney's fees can be fairly decided based on the information before it. The total amount of benefits Riddle received affects the percentage of attorney's fees Laritz is requesting (anywhere from 11 to 18 percent). But even at the high end, an 18-percent fee, the amount Laritz requests does not exceed the limit set in § 406(b): 25 percent of the amount of past-due benefits. *See* § 406(b)(1)(A). And the percentage does not change Magistrate Judge Morris' analysis and recommendation, which is based on the reasonableness of the effective hourly rate Laritz requests. (*See* ECF No. 35, PageID.880.)

The Court therefore adopts the reasoning in the Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 35.) It follows that Riddle's Motion for Attorney's Fees under § 406(b) in the amount of $15,000 (ECF No. 31) is GRANTED.

SO ORDERED.

Dated: July 20, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
